958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Ray THOMAS, Defendant-Appellant.
 No. 91-50276.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred Feb. 4, 1992.
Submitted Feb. 14, 1992.
Decided March 19, 1992.
 
 Before TANG, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The defendant was observed traveling at excessive speed in a car with no license plate; the officers did not violate the fourth amendment by making an investigatory stop. See United States v. Fouche, 776 F2d 1398, 1403 (9th Cir 1985). The officers checked the interior of the automobile with defendant's consent, and found that the glove compartment was locked and that the key was not on the ring of keys in the ignition. The district court found that the officers "knew that suspects frequently hide contraband in the glove compartments and trunks of vehicles, and that these compartments require keys different from the ignition system[, and that] suspects often separate these keys and hide the keys to the accessory compartments on their person." When asked about the glovebox key, defendant falsely told the officers his father had it. The district court found that the defendant voluntarily consented to the search of his shoe, which turned up the key and trapped defendant in his lie. The key to the glovebox, when it fell from its place of concealment in defendant's shoe, therefore provided the officers with probable cause to search the vehicle for contraband. The motion to suppress was properly denied.
 
 
 3
 Defendant claims that he was improperly sentenced as a career offender under section 4B1.1, which requires that the offense of conviction be a "crime of violence" as defined in section 4B1.2. The PSR, which the district court adopted and to which defendant did not object, found that the offense of conviction was a crime of violence. Defendant was convicted for possession of unregistered firearms in violation of 26 USC § 5861(d), which we have held to be a crime of violence within the meaning of 18 USC § 16. United States v Dunn, 946 F2d 615, 620-21 (9th Cir), cert denied, 112 SCt 401 (1991). The reasoning of Dunn is equally applicable to section 4B1.2's definition of crime of violence; we therefore hold that the district court properly enhanced defendant's sentence as a career offender.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3